NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JUAN ADRIAN QUIM-GONON,<br><br>         Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>         Respondent. | No.   15-70570<br><br>Agency No. A089-840-033<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Juan Adrian Quim-Gonon, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's finding that Quim-Gonon failed to establish he was or would be persecuted on account of a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground). Thus, Quim-Gonon's asylum and withholding of removal claims fail.

The BIA erred in finding that Quim-Gonon did not meaningfully raise his CAT claim before the IJ. Quim-Gonon's asylum application, declaration, and pre-hearing statement identified his fear of torture. *See Pirir-Boc v. Holder*, 750 F.3d 1077, 1086 n.9 (9th Cir. 2014) ("[A] CAT claim is sufficiently raised when an alien declares his fear of future torture on his asylum application and provides supporting evidence during the removal hearing."). The agency also erred by not

15-70570

considering Quim-Gonon's country condition evidence as it related to his CAT claim. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010). Thus, we grant the petition for review and remand Quim-Gonon's CAT claim to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**